Filed 2/4/14  P. v. King CA2/8

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>JOHN KING,<br><br>    Defendant and Appellant. | B249343<br><br>(Los Angeles County<br>Super. Ct. Nos. BA375329/MA058605) |

APPEAL from a judgment of the Superior Court of Los Angeles County. Charles A. Chung, Judge.  Affirmed.

Caneel C. Fraser, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

_____

Defendant John King appeals from the judgment entered following his plea of no contest to charges of possession for sale of cocaine base and misdemeanor driving under the influence. Based on our independent review of the record pursuant to *People v. Wende* (1979) 25 Cal.3d 436, 441 (*Wende*), we affirm both convictions.

## FACTUAL AND PROCEDURAL HISTORY

### A.      Case No. BA375329

On November 10, 2010, defendant pled no contest to possession of cocaine base in violation of Health and Safety Code section 11350, subdivision (a) and admitted suffering prior convictions within the meaning of the Three Strikes law (Pen. Code, § 1170.12, subds. (a)-(d); § 667, subds. (b)-(i)) and Penal Code section 667.5. The trial court dismissed the strikes and sentenced defendant to five years in prison comprised of the three year upper term, plus a consecutive two years pursuant to Penal Code section 667.5. Execution of sentence was suspended and defendant was placed on three years formal probation.

### B.      Case No. MA058605

Defendant was still on probation in case No. BA375329 when he was arrested at a sobriety check point in Palmdale on January 18, 2013. Defendant pulled up to the check point at a little before midnight. Detecting the odor of burnt marijuana emanating from the open driver's side window, Deputy Sheriff Jon Schnereger asked defendant and his female passenger to step out of the car. In response to pre-field sobriety test questions, defendant stated that he had smoked marijuana several hours before driving. Based on defendant's performance on some field sobriety tests, Schnereger concluded that defendant was under the influence of marijuana. Defendant provided a urine sample, which later tested positive for cannabinoids. While defendant was detained in the back seat of Schnereger's patrol car, Schnereger watched as another deputy searching defendant's car found a white plastic container, containing 11 pre-packaged bindles of

2

rock cocaine between the front passenger seat and the center console. No drug-use paraphernalia was found in the car. Based on the quantity and manner in which the rock cocaine was packaged, Schnereger formed the opinion that it was possessed for sale. After the cocaine was found, Schnereger advised defendant of his *Miranda* rights. Defendant waived those rights and admitted that he knew the cocaine was in the car, but claimed it did not belong to him. The female passenger denied that the cocaine was hers. The car defendant was driving was registered to his mother.

Following a preliminary hearing on February 25, 2013, defendant was charged by information in case No. MA058605 with sale/transportation of cocaine (Health & Saf. Code, § 11352, subd. (a), count 1); possession for sale of cocaine base (Health & Saf. Code, § 11351.5, count 2); and misdemeanor driving under the influence (Veh. Code, § 23152, subd. (a), count 3); as to counts 1 and 2, prior conviction enhancements were alleged (Health & Saf. Code, § 11370.2, subd. (a) and Pen. Code, § 667.5, subd. (b)); also as to counts 1 and 2, two strikes were alleged. He pled not guilty.

**C.    Probation Revocation (Case No. BA375329)/No Contest Plea (Case No. MA058605)**

Based on the charges in case No. MA058605, defendant's probation in case No. BA375329 was revoked and the matter was transferred to Antelope Valley, where case No. MA058605 was pending.

On April 19, 2013, defendant pled no contest to counts 2 and 3 in case No. MA058605, and admitted suffering one prior strike, in exchange for which he was sentenced to six years in prison comprised of the three year low term, doubled pursuant to Three Strikes on count 2; plus a concurrent 180 days on count 3. Defendant's probation in case No. BA375329 was terminated after he waived his right to a probation revocation hearing and admitted he was in violation of his probation. The trial court imposed the previously suspended sentence to run concurrently with sentence imposed in case No. MA058605.

3

Defendant timely appealed.  His request for a certificate of probable cause was granted.  We appointed separate counsel to represent defendant on appeal.  After examination of the record, appointed counsel filed a separate opening brief which contained an acknowledgment that she had been unable to find any arguable issues and requesting that we independently review the record pursuant to *Wende, supra*, 25 Cal.3d 436.  We advised defendant that he had 30 days within which to personally submit any contentions or issues which he wished us to consider.  Defendant did not respond.

We have examined the entire record and are satisfied that appointed counsel fully complied with her responsibilities and that no arguable issues exist.  (*Wende, supra*, 25 Cal.3d at p. 441.)

## DISPOSITION

The judgment is affirmed.


RUBIN, J.

WE CONCUR:


BIGELOW, P. J.


GRIMES, J.

4